Case 2:16-cv-00057   Document 32   Filed on 01/25/18 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
January 25, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ALEJANDRO COSTILLA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:16-CV-57 |
| § | |
| KEN PUTNAM JR., *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION
## TO ENTER FINAL JUDGMENT

Plaintiff Alejandro Costilla is a former Texas inmate appearing *pro se* and *in forma pauperis*. This case has been referred to the undersigned magistrate judge for case management pursuant to 28 U.S.C. § 636. The undersigned recommends that Plaintiff's case be dismissed and final judgment entered because the Court has dismissed all of Plaintiff's claims against all of the defendants. There are no further pending claims or motions before the Court.

On February 22, 2016, Plaintiff filed his original complaint alleging unconstitutional conditions of confinement at the TDCJ McConnell Unit in Beeville, Texas. (D.E. 1, p. 4). Plaintiff named as defendants: (1) Ken Putnam, Jr., Assistant Warden; (2) John Crouch, Laundry Department Manager; (3) Captain Juan Salazar, Food Services Manager; (4) William Stephens, Director of the TDCJ-CID; and (5) E. Garza, Assistant Region IV Director. (D.E. 1, p. 3). The undersigned entered a memorandum and recommendation to retain Warden Matt Barber in his official capacity for purposes of

1 / 5

Plaintiff's claims seeking injunctive relief. (D.E. 9). The undersigned further recommended Plaintiff's remaining claims against the remaining defendants be dismissed for failure to state cognizable § 1983 claims and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because it appeared Plaintiff was seeking only injunctive relief and not monetary damages. The undersigned ordered service on Warden Barber who filed an answer. (D.E. 9, 10).

Plaintiff filed objections to the initial memorandum and recommendation arguing that he was in fact seeking monetary damages against individual defendants in addition to injunctive relief. The district judge sustained Plaintiff's objections in part, "leaving his individual capacity claims pending." (D.E. 14, p. 1). The district judge did not address all of Plaintiff's individual capacity claims because those claims were not considered separately in the undersigned's memorandum and recommendation. (D.E. 14, p. 5). The district judge left it to the discretion of the undersigned whether to serve the remaining defendants. (D.E. 14, p. 5).

Service was not ordered on Defendant E. Garza because the initial memorandum and recommendation specifically addressed Plaintiff's claims against this defendant (D.E. 9, pp. 6-9) and the district judge overruled Plaintiff's objections to the dismissal of this defendant (D.E. 14, pp. 6-7). Defendant E. Garza was the Assistant Director of Region IV of the Texas Department of Criminal Justice. Plaintiff sued Defendant Garza because he was a supervisor and because he "signed off" on Plaintiff's Step 2 grievance. (D.E. 1, p. 3). The district judge overruled Plaintiff's objections to the dismissal of Defendant Garza because Garza had no personal involvement in the case. (D.E. 14, pp. 6-7).

The undersigned recognizes an ambiguity exists with regard to Plaintiff's claims against Defendant E. Garza. On one hand, the district judge specifically addressed Plaintiff's claims against Defendant Garza and overruled his objections to Garza being dismissed. (D.E. 14, pp. 6-7). On the other hand, the district judge stated that "Costilla's individual-capacity claims for monetary relief remain pending against all named defendants except Stephens." (D.E. 14, p. 11). The undersigned finds the district judge did not intend to retain Defendant Garza because her July 1, 2016 Memorandum and Order carefully considers the claims against this defendant as well as Plaintiff's objections to his dismissal. Additionally, the dismissal of Defendant Garza for lack of personal involvement is appropriate whether he is sued in his individual capacity, official capacity or both. The district judge's intent can be clarified with an order adopting or rejecting this memorandum and recommendation.

The undersigned entered a supplemental service order, ordering service on defendants Ken Putnam, John Crouch, and Juan Salazar. (D.E. 15). These defendants filed an answer. (D.E. 16). Defendants Putnam, Crouch, and Salazar subsequently filed a motion for a summary judgment. (D.E. 22).

The undersigned entered an M&R recommending the defendants' motion for summary judgment be granted. (D.E. 26). Additionally, the undersigned recommended all of Plaintiff's claims for injunctive relief, including those against defendant Warden Matt Barber, be dismissed because Plaintiff has been released from custody. (D.E. 26, pp. 4-5). Claims for declaratory and injunctive relief based on the conditions of confinement are rendered moot upon a prisoner's release from custody or transfer to

another facility. *Smith v. City of Tupelo, Mississippi*, 281 F. App'x 279, 282 (5th Cir. 2008) (citing *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001)). The undersigned recommended the dismissal of Defendant Barber pursuant to 28 U.S.C. Section 1915(e)(2)(B) which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." 28 U.S.C. 1915(e)(2)(B). *See also Souza v. FMC-Carswell*, No. 4:09-CV-469-Y, 2011 WL 611703, at *1 (N.D. Tex. Feb. 18, 2011) (dismissing plaintiff's claims for declaratory and injunctive relief under § 1915(e)(2)(B) because she was no longer incarcerated at the prison in which her condition-of-confinement claims arose).

On January 19, 2018, the district judge adopted the undersigned's memorandum and recommendation and granted the moving defendant's motion for summary judgment. (D.E. 30). Additionally, the district judge dismissed Plaintiff's claims for declaratory and injunctive relief against Defendant Warden Barber. The Court's January 19, 2018 order disposed of all of Plaintiff's remaining claims. Therefore, the undersigned respectfully recommends the Court enter final judgement.

Respectfully submitted this 25th day of January, 2018.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).